UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ARNOLD HORTON, § | |
| TDCJ # 02036160, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-0143 |
| § | |
| JOHN SEALY HOSPITAL, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Arnold Horton, a state inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a complaint (Dkt. 1) alleging injuries from a botched medical operation at John Sealy Hospital in Galveston. Because Horton is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A, § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I. **BACKGROUND**

Horton brings this suit against two defendants: John Sealy Hospital and Jeanette Liu, a doctor who performed surgery on him at John Sealy Hospital. He alleges that, in 2003, Dr. Liu diagnosed him with "left side torticollis and spinal stenosis" and told him

that surgery would be necessary (Dkt. 1, at 2). He states that Dr. Liu performed surgery on him in July 2004 that, after surgery, Plaintiff had stitches on the right side of his neck, rather than the left (*id.* at 2-3). He alleges Dr. Liu told him that she had performed "exploratory surgery" on his right side and would schedule him for "corrective surgery" but that, when he returned for "corrective surgery" in August or September 2004, "some other procedure was performed dealing with his spine" (*id*. at 3). He claims that at the second surgery, a defective "adhesive patch" was placed on his scalp, and that in October 2004 "emergency surgery had to be performed to remove the defective patch as spinal fluid had started to leak from the wound" (*id*. at 3-4). Finally, he alleges that during a subsequent three-month hospitalization, he contracted a staph infection (*id*. at 4).

Horton identifies his injuries from the surgeries as "permanently handicapped for life," limited neck mobility, limited head mobility, and inability to raise his right arm more than "halfway up" (*id*.). He claims that Defendants were deliberately indifferent to his serious medical needs and seeks $10,000 in damages (*id*. at 5).

## II. DISCUSSION

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. See *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Horton states that he was, at all relevant times, a convicted felon in state prison (Dkt. 1, at 2). His claims regarding medical care therefore are governed by the Eighth Amendment prohibition against "cruel and unusual" conditions of confinement. *Rhodes*

*v. Chapman*, 452 U.S. 337, 346 (1981); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) (the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Civil rights claims under § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Winfrey v. Rogers*, 882 F.3d 187, 196 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a). This means that Horton had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. The two-year limitations period "begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Horton claims that he was injured by two medical operations in 2004 and a subsequent hospital stay, and that he was immediately aware of the injuries about which he now complains (Dkt. 1, at 3-4). His claims therefore accrued in 2004 or possibly, depending on the timing of his three-month hospitalization, in early 2005. The two-year statute of limitations expired, at the latest, in 2007. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). However, Horton did not file his complaint in this suit until April 11, 2018. Because Horton waited more than two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as legally frivolous. *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Accordingly, this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint (Dkt. 1) is **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk will provide a copy of this order to the parties and to the Manager of the Three-Strikes List for the Southern District of Texas.**

SIGNED at Galveston, Texas, this 31st day of May, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge